Curia, per

O’Neabl, J.
To prevent the operation of the statute of limitations, by a writ issued, it is in general necessary that it should be regularly continued, Ball, on Lim. 147, so as to make it in law the commencement of the suit before the court. Hence it is, that when the plaintiff discontinues or is non-suited, that he cannot reply the former suit to the plea of the statute of limitations. The only exception to this rule is in the case of the abatement of the plaintiff’s suit by the death of either of the parties; in that case it has been held that if the suit is recommenced within a reasonable time, that the statute will not run. Hunter vs. Glenn, 1 Bailey, 542. What is that reasonable time, is the question propounded by the case before us. I conceive in the answer given by the judge below, that one year is as much as can be allowed. That was suggested in Hunter vs. Glenn, but not being necessary to its decision, did not receive the consideration of the court in that case.
It is said by Ballantine that no precise time has been fixed, but that ¡the institution of the second suit must be in the nature of journeys accounts, which must be a recent prosecution. If we were left merely to Conclude from these premises, it would seem to follow that that could not be a recent prosecution, which would leave the party out of court according to its usual practice. But the case from 2 Strange, 907, considered by Ballantine in his treatise on the statute of limitations, 169, is the very case before us. In that case, which was a suit by the executor of an executor, to the plea of the statute of limitations the plaintiff replied the commencement of a suit by the executor before the statute had run, its abatement by his death, and the institution of this suit four years after the executor’s death; it was held that the replication would not prevent the bar of the plea, on the ground that there was four years between the “death of the executor and the proceeding by the new plaintiff, and that the most that had eyer be,en allowed was a year, and that within the equity of the provision in the statute, which gives the plaintiff a year to coinmence a new action when the judgment is arrested or reversed but the judges said, “they would not go a moment farther, for it would let in all the inconveniences which the statute was made to avoid.” In .this *215 State the same remark may be made; in no case has more than a year been allowed. In Hunter vs. Glenn, the case was commenced within that time. In this case nearly two years intervened between the death of the first administrator and .the institution of this suit; and 1 am satisfied that this was not a new suit within a reasonable time, or a fresh prosecution ; and that, therefore, there is nothing in -this behalf to prevent the operation .ef the statute. . -
Bailey Hutson, for motion. Bellinger, contra.
A former suit is not a suspension of the statute during the time it is pending. When it prevents the statute, it does it upon the footing that the plaintiff has pursued his rémedy within the time limited by the statute ; and in such a case the second suit is connected with the first, which is regarded as the commencement of the action to be tried. The time therefore that the former suit may have been pending is not deducted from the whole time. For if this was the case, it would in many cases prevent the operation of the statute when the suit was not regularly continued ; such a consequence is sp forbidden by authority that its allowance cannot be thought of, and hence the construction which leads to it must be also rejected. The motion to set aside the non-suit is dismissed.
Gantt, Richardson, . Evans, and Butler, JJ. concurred.